IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Janet May, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 2:07-cv-738-N |
| v. ) | |
| ) | |
| City of Montgomery, Al. et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

NOTICE OF FILING

PLEASE TAKE NOTICE that defendants, City of Montgomery, Al et. al. file the attached preclearance letter from the Department of Justice dated June 14, 2007.

Respectfully submitted this 17th day of August, 2007.

/s/ **Larry Menefee**
LARRY T. MENEFEE

LARRY T. MENEFEE
407 S. McDonough Street
Montgomery, AL 36104
(334) 265-6002
Fax: (334) 832-9476
Bar No: ASB-0745-F35L
lmenefee@knology.net

J. Gerald Hebert
Campaign Legal Center
1640 Rhode Island Ave., NW Suite 650
Washington, DC 20036
(202) 736-2200 ext. 11 (office)
(202) 736-2222 (fax)
Virginia Bar Number 38432
GHebert@campaignlegalcenter.org

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

  I certify that on this   17th   day of August, 2007. I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

| | |
|---|---|
| Edward Still<br>Email: still@votelaw.com | Sam Heldman<br>sam@heldman.net |
| Cecil Gardner<br>cgardner@gmlegal.com | **/s/ Larry Menefee**<br>LARRY T. MENEFEE |

U.S. Department of Justice

Civil Rights Division

JKT:MSR:ALP:par
DJ 166-012-3
2007-3091

Voting Section - NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530

June 14, 2007

Larry T. Menefee, Esq.
407 South McDonough Street
Montgomery, Alabama 36104

Dear Mr. Menefee:

    This refers to the Ordinance No. 42-2007 (2007), which provides for changes in the dates for qualifying and voting in municipal elections for mayor and council members for the City of Montgomery in Montgomery County, Alabama, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. 1973c. We received your submission on June 13, 2007.

    The Attorney General does not interpose any objection to the specified changes. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes. In addition, as authorized by Section 5, we reserve the right to reexamine this submission if additional information that would otherwise require an objection comes to our attention during the remainder of the sixty-day review period. Procedures for the Administration of Section 5 of the Voting Rights Act (28 C.F.R. 51.41 and 51.43).

Sincerely,

John Tanner
Chief, Voting Section