IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **Janet May, John Dow** and **William Boyd,**<br><br>                    Plaintiffs,<br><br>        v.<br><br>**City of Montgomery, Alabama,** a municipal corporation; **Bobby N. Bright,** in his official capacity as Mayor of the City of Montgomery<br><br>                    Defendants. | CIVIL ACTION NO.<br>2:07 cv 738-MHT-WC |

## Plaintiffs' Motion for Temporary Restraining Order

1. The plaintiffs move for a temporary restraining order to prevent the City of Montgomery and Mayor Bobby N. Bright from holding a city election on 28 August 2007.

2. The usual questions in a Section 5 "coverage" action are (1) whether the jurisdiction is covered by Section 4(b) of the Voting Rights Act; (2) whether the jurisdiction has adopted or enforced a voting practice which is different from an earlier voting practice (in effect on 1 November 1964 or later); and (3) whether the jurisdiction has obtained either a letter of preclearance from the U.S. Attorney General or a favorable declaratory judgment from the U.S. District Court for the District of Columbia.

3. Alabama is a covered jurisdiction. "Procedures for the Administration of Section 5 of the Voting Rights Act," 28 CFR Part 51,

Appendix.1  See also *Kennedy v. Riley,* 445 F.Supp.2d 1333, 1335 (M.D.Ala. 2006).

4.  The Mayor and City Council of Montgomery have adopted Ordinance 42-2007 (attached to the Complaint as Exhibit B) to change the time of its city council elections to be held during 2007 to 28 August.

5.  Mayor Bright has given notice, in accordance with Ordinance 42-2007, that a city election will be held on 28 August 2007.

6.  Attached to the Complaint as Exhibit E is the affidavit of Alfred Smith stating that 2,809 of the entering or transferring students have non-Montgomery addresses.

7.  In short, Ordinance 42-2007 will disenfranchise nearly 3,000 black voters who had been eligible to register and vote before its enactment.

8.  The table attached to the Complaint as Exhibit F shows the difference in election schedule caused by Ordinance 42-2007.

9.  The jurisdiction making a submission under Section 5 has the burden of proof to convince the Department of Justice or the U.S. District Court for the District of Columbia that the proposed change "neither has the purpose nor will have the effect of denying or abridging the right to vote on account of race," in the words of Section 5 of the Voting Rights Act.

10.  The City of Montgomery has not obtained preclearance of Ordinance 42-2007.

---

1 See http://www.usdoj.gov/crt/voting/sec_5/guidelines.htm.

11. The City of Montgomery submitted Ordinance 42-2007 to the U.S. Justice Department for preclearance under Section 5 of the Voting Rights Act.

12. On 14 June 2007, the Attorney General sent a letter that he had no objection to the Ordinance, but noted that the Attorney General "reserve[s] the right to reexamine this submission if additional information that would otherwise require an objection comes to our attention during the remainder of the sixty-day review period."

13. In a second letter, dated 23 July 2007 (attached to the Complaint as Exhibit G), from the Justice Department to the City's attorney Larry Menefee noted the information that Dr. Joe L. Reed had supplied to the Attorney General and made two important statements:

> Accordingly, the Attorney General is reexamining the submitted changes. Furthermore, in view of the additional information we have received, we find the information contained in the submission is insufficient to enable us to determine the proposed changes do not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group, as required under Section 5.

The second sentence in the quotation above means that the Attorney General has effectively withdrawn the preclearance of Ordinance 42-2007.

14. The plaintiffs have twice informed the Mayor that the holding of the city election on 28 August is illegal under federal law. The first warning was on or about 3 August. The second warning was on or about 10 August and consisted of a letter (dated 7 August 2007) from John Tanner, Chief of the Voting Section, Civil Rights Division, U.S. Department of Justice,

to Joe L. Reed, stating, "As set forth in our July 23, 2007 letter, the changes [to the election schedule] have not been finally precleared and remain legally unenforceable until they are precleared." A copy of the Tanner letter is attached to the Complaint as Exhibit H.

WHEREFORE, plaintiffs move for a temporary restraining order to restrain the City of Montgomery and Mayor Bobby N. Bright from holding a city election on 28 August 2007.

Submitted by,

/s/ Edward Still

| | |
|---|---|
| Cecil Gardner | Edward Still |
| The Gardner Firm | 2112 11th Avenue South |
| Post Office Drawer 3103 | Suite 201 |
| Mobile AL 36652 | Birmingham AL 35205-2844 |
| phone 251-433-8100 | phone: 205-320-2882 |
| fax 251-433-8181 | fax: 877-264-5513 |
| email cgardner@gmlegal.com | email: Still@votelaw.com |

Sam Heldman
The Gardner Firm
2805 31st St. NW
Washington DC 20008
    phone 202-965-8884
    email sam@heldman.net

CERTIFICATE OF SERVICE

I certify that on 17 August 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

4

5

| | |
|---|---|
| J. Gerald Hebert, Esq.<br>The Campaign Legal Center<br>1640 Rhode Island Ave., NW, Suite 650<br>Washington, DC 20036 | Larry Menefee, Esq.<br>407 South McDonough Street<br>Montgomery, AL 36104 |

/s/ Edward Still

5