IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JANET MAY, JOHN DOW, )<br>and WILLIAM BOYD, )<br>   )<br>         Plaintiffs, )<br>   v.   ) <br>   )<br>CITY OF MONTGOMERY, )<br>ALABAMA, a municipal )<br>corporation, and )<br>BOBBY N. BRIGHT, in his )<br>official capacity as )<br>Mayor of Montgomery, )<br>   )<br>         Defendants. )<br>_____) | Civil Action No. 2:07cv738 |

## NOTICE OF FILING
## BY AMICUS UNITED STATES OF AMERICA

Pursuant to the August 21, 2007 conference call held between the Court and counsel for the parties and amicus in this action, the United States of America hereby submits this Notice to report the following:

1) The Attorney General of the United States has had pending before him an administrative submission by the City of Montgomery, under Section 5 of the Voting Rights Act, 42 U.S.C. 1973c, seeking preclearance for the voting changes contained in Ordinance 42-2007. This Ordinance revises the City's candidate qualifying and municipal election schedule. The injunction proceedings currently before this Court concern whether the voting changes contained in Ordinance 42-2007 have received preclearance as required by Section 5, and thus whether the voting changes can be lawfully implemented under Section 5 in the 2007 municipal election cycle;

2) By letter dated August 23, 2007, the City of Montgomery advised the Attorney General that the City was amending its administrative submission under Section 5 to confine its request for preclearance solely to the implementation of the voting changes contained in Ordinance 42-2007 in the 2007 municipal election cycle, and that the City was withdrawing its request for preclearance of these voting changes in future municipal election cycles occurring after 2007 (Attachment 1);

3) The Attorney General thereafter by letter dated August 23, 2007, advised the City of Montgomery that he interposed no objection under Section 5 to the voting changes contained in Ordinance 42-2007 as in so far as they affect the 2007 municipal election cycle (Attachment 2); and,

4) The Attorney General's decision to interpose no objection to the implementation of the voting changes contained in Ordinance 42-2007 with respect to the 2007 municipal election cycle moots the Section 5 issue currently pending before this three-judge Court. *Lopez v. Monterey County*, 519 U.S. 9, 23 (1996) ("Once a covered jurisdiction has complied with these preclearance requirements, § 5 provides no further remedy"); *Allen* v. *State Bd. of Elections*, 393 U. S. 544, 549-550 (1969) ("Once the State has successfully complied with the § 5 approval requirements  * * * there is no further remedy provided by § 5")

Respectfully submitted,


WAN J. KIM
Assistant Attorney General
Civil Rights Division

JOHN K. TANNER
Chief, Voting Section

/s/ *T. Christian Herren Jr*
YVETTE RIVERA
yvette.rivera@usdoj.gov
T. CHRISTIAN HERREN JR
chris.herren@usdoj.gov
JARED M. SLADE
jared.slade@usdoj.gov
Voting Section
Civil Rights Division
United States Department of Justice
Room 7254 NWB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(202) 305-4733 (phone)
(202) 307-3961 (fax)

Date: August 23, 2007

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 23rd day of August 2007, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will electronically send a copy of the same to the following counsel of record:

     Jesse Cecil Gardner -- cgardner@gmlegal.com, mnash@gmlegal.com

     Gerald Hebert -- ghebert@campaignlegalcenter.org

     Larry T. Menefee --lmenefee@knology.net

     Edward Still -- docket@votelaw.com, votelaw@bellsouth.net

     A copy of the foregoing also will be sent by email and first-class mail to the following counsel:

Samuel H. Heldman
The Gardner Firm
2805 31st Street, NW
Washington, DC 20008
sam@heldman.net

                                  /s/ *T. Christian Herren Jr*
                                  T. Christian Herren Jr.

## LARRY T. MENEFEE
ATTORNEY AT LAW
407 SOUTH McDONOUGH STREET
MONTGOMERY, ALABAMA 36104

TELEPHONE (334) 265-6002
FAX (334) 832-9476

Email: lmenefee@knology.net

August 23, 2007

By email and Mail

John Tanner, Esq.
Chief, Voting Section, Civil Rights Division
Room 7254 - NWB, Department of Justice
950 Pennsylvania Ave. N.W.
Washington, DC 20530

    Re:    Change in election dates- City of Montgomery, Al 2007-3091

Dear Mr. Tanner:

    This letter confirms the understanding we reached yesterday in your office and we confirmed by email. On behalf of the City of Montgomery, the above submission should be considered to apply to the 2007 elections only. The submission is withdrawn in so far as it applies to all future elections, and as a recurring practice.

    It was good with you and the other members of you staff. Please fax a copy of your preclearance letter to my office at 334-286-9205. Best regards.

Sincerely,

Larry T. Menefee

**Attachment 1**

U.S. Department of Justice

Civil Rights Division

JKT:MSR:NT:jdh:maf
DJ 166-012-3
2007-3091

Voting Section - NWB.
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

August 23, 2007

Larry T. Menefee, Esq.
407 South McDonough
Montgomery, Alabama 36104

Dear Mr. Menefee:

This refers to the changes to the qualifying period and general and runoff election schedules for the 2007 municipal elections, pursuant to Ordinance No. 42-2007, for the City of Montgomery in Montgomery County, Alabama, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. 1973c. We received your response to our July 23, 2007, request for additional information on July 31, 2007; supplemental information was received through August 23, 2007. Specifically, we received your letter dated August 23, 2007, confirming that the instant submission is applicable to the 2007 election cycle only and that the submission is withdrawn as to future elections occurring after 2007, and withdrawn as a recurring practice.

The Attorney General does not interpose any objection to the specified changes as modified by the city's partial withdrawal. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes. Procedures for the Administration of Section 5 of the Voting Rights Act (28 C.F.R. § 51.41).

To be clear, we have reviewed the changes (pursuant to your August 23, 2007, letter), relying upon the city's representation that the proposed changes are temporary and applicable to the 2007 election cycle only. Thus, if the City of Montgomery wishes to implement these changes for future election cycles occurring after 2007, they must be submitted for Section 5 review. Procedures for the Administration of Section 5 of the Voting Rights Act (28 C.F.R. Section 51.10).

Sincerely,

John Tanner
Chief, Voting Section

**Attachment 2**