IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


JANET MAY, et al.,            )
                              )
     Plaintiffs,              )
                              )
     v.                       )        CIVIL ACTION NO.
                              )        2:07cv738-MHT
CITY OF MONTGOMERY,           )           (WO)
ALABAMA, a municipal          )
corporation, and             )
BOBBY N. BRIGHT, in his       )
official capacity as          )
Mayor of Montgomery,          )
                              )
     Defendants.              )


Before William H. Pryor, Jr., Circuit Judge, Mark E.
Fuller, Chief District Judge, and Myron H. Thompson,
District Judge.


OPINION

Per Curiam:

     This three-judge court has been convened pursuant to

28 U.S.C. § 2284 and 42 U.S.C. § 1973c to consider the

claim of plaintiffs Janet May, John Dow, William Boyd,

Kanyada S. Adams, and Duncan Kirkwood that defendants

City of Montgomery and its mayor, Bobby N. Bright, intend to enforce Ordinance No. 42-2007, which sets a local election for August 28, 2007, without having obtained preclearance as required by § 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c.  This lawsuit was filed on August 16.  On August 23, the United States Department of Justice issued a preclearance letter stating that the Attorney General interposes no objection to the enforcement of the ordinance as applied to the 2007 election cycle, though the preclearance letter adds that the ordinance cannot be enforced in future election cycles unless it is precleared.

Section 5 of the Voting Rights Act requires the political subunits of certain States, such as Alabama, to obtain approval, or preclearance, from federal authorities when they "enact or seek to administer any ... standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964."  42 U.S.C. § 1973c.  The political unit subject

2

to § 5 "may preclear a voting change in one of two ways: it may obtain a declaratory judgment in the United States District Court for the District of Columbia, or it may submit the change to the Attorney General of the United States for approval.  If the Attorney General approves the change, or fails to register an objection to the change within 60 days, the change is precleared." <u>Boxx v. Bennett</u>, 50 F.Supp.2d 1219, 1223 (M.D. Ala. 1999) (three-judge court).

The court's role in a § 5 case is <u>not</u> to assess whether a challenged voting change will have the purpose or effect of denying or abridging the right to vote on account of race or color, <u>McCain v. Lybrand</u>, 465 U.S. 236, 250 n.17 (1984); nor may this court review the decision of the Attorney General to grant preclearance, <u>Morris v. Gressette</u>, 432 U.S. 491, 501 (1977).  Once the change is precleared, there is no cause of action under § 5.  <u>Allen v. State Bd. of Elections</u>, 393 U.S. 544, 549-50 (1969).

3

Accordingly, the Attorney General having recently precleared enforcement of Ordinance No. 42-2007 as applied to this year's election cycle, the plaintiffs' § 5 case is at an end.  The claim for which this three-judge panel was convened is now moot and due to be dismissed.

An appropriate judgment will be entered.

DONE this the 24th day of August, 2007.


 /s/ William H. Pryor, Jr. 
UNITED STATES CIRCUIT JUDGE


 /s/ Mark E. Fuller 
CHIEF UNITED STATES DISTRICT JUDGE


 /s/ Myron H. Thompson 
UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b)  **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

    Rev.: 4/04

2.   <u>**Time for Filing**</u>: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a)   **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b)   **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c)   **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d)   **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)   **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.   <u>**Format of the notice of appeal:**</u> Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.   <u>**Effect of a notice of appeal:**</u> A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).