IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JANET MAY, et al.,            )
                              )
    Plaintiffs,               )
                              )
    v.                        )    CIVIL ACTION NO.
                              )    2:07cv738-MHT
CITY OF MONTGOMERY,           )         (WO)
ALABAMA, a municipal          )
corporation, and              )
BOBBY N. BRIGHT, in his       )
official capacity as          )
Mayor of Montgomery,          )
                              )
    Defendants.               )
```

Before William H. Pryor, Jr., Circuit Judge, Mark E. Fuller, Chief District Judge, and Myron H. Thompson, District Judge.

OPINION

Per Curiam:

This three-judge court has been convened pursuant to 28 U.S.C. § 2284 and 42 U.S.C. § 1973c to consider the claim of plaintiffs Janet May, John Dow, William Boyd, Kanyada S. Adams, and Duncan Kirkwood that defendants

City of Montgomery and its mayor, Bobby N. Bright, intend to enforce Ordinance No. 42-2007, which sets a local election for August 28, 2007, without having obtained preclearance as required by § 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c.  This lawsuit was filed on August 16.  On August 23, the United States Department of Justice issued a preclearance letter stating that the Attorney General interposes no objection to the enforcement of the ordinance as applied to the 2007 election cycle, though the preclearance letter adds that the ordinance cannot be enforced in future election cycles unless it is precleared.

   Section 5 of the Voting Rights Act requires the political subunits of certain States, such as Alabama, to obtain approval, or preclearance, from federal authorities when they "enact or seek to administer any ... standard, practice, or procedure with respect to voting different from that in force or effect on November 1, 1964."  42 U.S.C. § 1973c.  The political unit subject

to § 5 "may preclear a voting change in one of two ways: it may obtain a declaratory judgment in the United States District Court for the District of Columbia, or it may submit the change to the Attorney General of the United States for approval.  If the Attorney General approves the change, or fails to register an objection to the change within 60 days, the change is precleared."  Boxx v. Bennett, 50 F.Supp.2d 1219, 1223 (M.D. Ala. 1999) (three-judge court).

The court's role in a § 5 case is not to assess whether a challenged voting change will have the purpose or effect of denying or abridging the right to vote on account of race or color, McCain v. Lybrand, 465 U.S. 236, 250 n.17 (1984); nor may this court review the decision of the Attorney General to grant preclearance, Morris v. Gressette, 432 U.S. 491, 501 (1977).  Once the change is precleared, there is no cause of action under § 5.  Allen v. State Bd. of Elections, 393 U.S. 544, 549-50 (1969).

Accordingly, the Attorney General having recently precleared enforcement of Ordinance No. 42-2007 as applied to this year's election cycle, the plaintiffs' § 5 case is at an end. The claim for which this three-judge panel was convened is now moot and due to be dismissed.

An appropriate judgment will be entered.

DONE this the 24th day of August, 2007.

    /s/ William H. Pryor, Jr.
UNITED STATES CIRCUIT JUDGE

    /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE