IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JANET MAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:07cv738-MHT |
| CITY OF MONTGOMERY, | ) | (WO) |
| ALABAMA, a municipal | ) | |
| corporation, and | ) | |
| BOBBY N. BRIGHT, in his | ) | |
| official capacity as | ) | |
| Mayor of Montgomery, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiffs Janet May, John Dow, William Boyd, Kanyada

S. Adams, and Duncan Kirkwood bring this suit against

defendants City of Montgomery and its mayor, Bobby N.

Bright, claiming that City of Montgomery Ordinance No.

42-2007, which sets a local election for August 28, 2007,

violates §§ 2 and 5 of the Voting Rights Act of 1965, as

amended, 42 U.S.C. §§ 1973 and 1973c, as well as state

law.  In a separate judgment entered today by a three-

judge court convened pursuant to 28 U.S.C. § 2284 and 42

U.S.C. § 1973c, the plaintiffs' § 5 claim is being dismissed. Now before this single-judge court is the plaintiffs' motion for a preliminary injunction to stop the August 28 election on the ground that it violates state law. For the reasons that follow, that motion will be denied, albeit without prejudice.

## I. PRELIMINARY-INJUNCTION STANDARD

Whether to issue a preliminary injunction lies within the sound discretion of the district court. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990). The Eleventh Circuit Court of Appeals has established a four-prong test for the district court to apply when determining whether a preliminary injunction should issue. Under this test, the movants must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened harm to the plaintiffs outweighs any harm that the injunction

may cause the defendants; and (4) the public interest will not be disserved by the grant of a preliminary injunction.  <u>Id</u>.


## II. BACKGROUND

For over 30 years, the timing of elections for mayor and city council in the City of Montgomery has been governed by Ala. Act No. 1973-618.  <u>Siegelman v. Folmar</u>, 432 So.2d 1246 (Ala. 1983).  Under Act 618, elections take place the second Tuesday in October, with a runoff three weeks later.  This year, the city was advised by counsel that the election schedule under Act 618 does not comply with 1975 Ala. Code § 17-11-3, which adopts for municipal elections in this State the requirements of the Uniformed and Overseas Citizens Absentee Voting Act, 42 U.S.C. §§ 1973ff to 1973ff-6, because a three-week interval between the general election and a runoff is not enough time for absentee ballots to be printed, shipped overseas, and returned.  Accordingly, the city council

enacted Ordinance No. 42-2007, which changes the date of the general election from the second Tuesday in October to the fourth Tuesday in August, with a runoff six weeks later.

This lawsuit was filed on August 16, 2007. Initially the plaintiffs asked for preliminary injunctive relief on their § 5 claim only, asserting that the election could not go forward because Ordinance No. 42-2007 had not been precleared. On August 23, the Attorney General precleared the ordinance as it applied to this year's election cycle, essentially rendering the plaintiffs' § 5 claim moot. Now, the plaintiffs seek a preliminary injunction on their state-law claim, asserting that, under <u>Siegelman v. Folmar</u>, the city council lacked statutory authority, under state law, to adopt the challenged ordinance. <u>See</u> 1975 Ala. Code § 11-46-5. As for the plaintiffs' § 2 claim, the court has not yet had occasion to consider its merits, as the plaintiffs do not seek a preliminary injunction on that claim at this time.

4

### III. DISCUSSION

Because the plaintiffs seek preliminary-injunctive relief, the court begins with the threshold question of whether the plaintiffs have established a likelihood of success on the merits.  That inquiry necessarily includes whether this court will assume jurisdiction over the plaintiffs' claim.  See, e.g., Anderson v. Oakley, 77 F.3d 475 (5th Cir. 1995); Bank of New York v. Mehner, 375 F.Supp.2d 1316, 1319 (D. N.M. 2005) (Browning, J.).

A federal district court with original jurisdiction over federal claims may assume supplemental jurisdiction over related state-law claims, 28 U.S.C. § 1367(a), but the district court may decline to exercise supplemental jurisdiction if the claim raises a novel or complex issue of state law, the state-law claim predominates, the court has dismissed all federal claims, or, in exceptional circumstances, there are other compelling reasons to decline jurisdiction, id. § 1367(c).

In this case, the court thinks it probable that it will decline to exercise supplemental jurisdiction. First, the application of state-law equity principles regarding whether to enjoin or set aside an election presents a complex issue.  Id. § 1367(c)(1).  In addition, requests to enjoin or set aside an election are exceptional circumstances in which there are other compelling reasons, based on comity, that counsel against assuming supplemental jurisdiction.  Id. § 1367(c)(4).

According to one authoritative treatise,

> "There are certain subject matter areas of state law in which the federal courts have traditionally been particularly reluctant to interfere. Considerations of comity are particularly important in the context of state elections, and courts are likely to decline supplemental jurisdiction to resolve election disputes arising solely under state law."

16 James Wm. Moore, Moore's Federal Practice § 106.64, at 106-83 (3d ed. 2007).  Moore's cites Noble v. White, 996 F.2d 797 (1993), in which the Fifth Circuit Court of Appeals remarked:

> "If there are places where angels fear
> to tread, surely there are places the
> sight of which makes federal judges
> tremble. Federal judges are wise to
> hesitate before entering the judicial
> thicket of state election law; we will
> chop trees, if absolutely necessary, but
> every mindful of our commitment to
> comity."

996 F.2d at 799-800.

Furthermore, numerous decisions from the Eleventh Circuit and the former Fifth Circuit warn that, in the interest of comity, federal courts should not interfere with state election law except to vindicate important federal interests under the Constitution or the Voting Rights Act. E.g., Curry v. Baker, 802 F.2d 1302, 1304-05 (11th Cir. 1986) ("Subject to specific exceptions, federal courts should not be involved in settling state election disputes. Sound reasons grounded in both law and public policy establish that far better forums for disputes involving elections to state offices are found in the party machinery and the court system of the affected state."); Hubbard v. Ammerman, 465 F.2d 1169,

1181 (5th Cir. 1972)* ("Federal Courts do not intervene in state election contests for the purpose of deciding issues of state law"). Although these remarks were not made in the specific context of supplemental jurisdiction, they properly inform the court's determination that it is authorized, if not compelled, to decline supplemental jurisdiction over the plaintiffs' state-law claim in this case.

\* \* \*

Having concluded that the plaintiffs failed to establish a substantial likelihood of success on the merits, the court need not address the additional elements required for a preliminary injunction. <u>Warren Publ'g, Inc. v. Microdos Data Corp.</u>, 115 F.3d 1509, 1516 (11th Cir. 1997).

_____

*In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In sum, even if this court were to believe that the plaintiffs' state-law claim has merit and that state-law principles of equity favor enjoining or vacating the election, federal-state principles of comity counsel that the plaintiffs are in the wrong forum. It should be a <u>state</u> judge that should enjoin or vacate a <u>State's</u> municipal election under <u>state</u> law, with that judicial decision subject to review by <u>state</u> appellate judges.

Accordingly, it is ORDERED that the plaintiffs' motion for preliminary injunction on their state-law claim (doc. no. 25) is denied without prejudice.

DONE this the 24th day of August, 2007.

　　　　　　　　　/s/ Myron H. Thompson
　　　　　UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b)  **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

                                                              *Rev.: 4/04*

2.    <u>**Time for Filing**</u>: The timely filing of a notice of appeal is mandatory and jurisdictional. <u>Rinaldo v. Corbett</u>, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a)    **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b)    **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c)    **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d)    **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)    **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.    <u>**Format of the notice of appeal:**</u> Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See</u> also Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant.

4.    <u>**Effect of a notice of appeal:**</u> A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).