IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JANET MAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:07cv738-MHT |
| CITY OF MONTGOMERY, | ) | (WO) |
| ALABAMA, a municipal | ) | |
| corporation, and | ) | |
| BOBBY N. BRIGHT, in his | ) | |
| official capacity as | ) | |
| Mayor of Montgomery, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiffs Janet May, John Dow, William Boyd, Kanyada S. Adams, and Duncan Kirkwood bring this suit against defendants City of Montgomery and its mayor, Bobby N. Bright, claiming that City of Montgomery Ordinance No. 42-2007, which sets a local election for August 28, 2007, violates §§ 2 and 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973 and 1973c, as well as state law.  In a separate judgment entered today by a three-judge court convened pursuant to 28 U.S.C. § 2284 and 42

U.S.C. § 1973c, the plaintiffs' § 5 claim is being dismissed.  Now before this single-judge court is the plaintiffs' motion for a preliminary injunction to stop the August 28 election on the ground that it violates state law.  For the reasons that follow, that motion will be denied, albeit without prejudice.

## I. PRELIMINARY-INJUNCTION STANDARD

Whether to issue a preliminary injunction lies within the sound discretion of the district court.  <u>Frio Ice, S.A. v. Sunfruit, Inc.</u>, 918 F.2d 154, 159 (11th Cir. 1990).  The Eleventh Circuit Court of Appeals has established a four-prong test for the district court to apply when determining whether a preliminary injunction should issue. Under this test, the movants must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened harm to the plaintiffs outweighs any harm that the injunction

may cause the defendants; and (4) the public interest will not be disserved by the grant of a preliminary injunction.  Id.

## II. BACKGROUND

For over 30 years, the timing of elections for mayor and city council in the City of Montgomery has been governed by Ala. Act No. 1973-618.  Siegelman v. Folmar, 432 So.2d 1246 (Ala. 1983).  Under Act 618, elections take place the second Tuesday in October, with a runoff three weeks later.  This year, the city was advised by counsel that the election schedule under Act 618 does not comply with 1975 Ala. Code § 17-11-3, which adopts for municipal elections in this State the requirements of the Uniformed and Overseas Citizens Absentee Voting Act, 42 U.S.C. §§ 1973ff to 1973ff-6, because a three-week interval between the general election and a runoff is not enough time for absentee ballots to be printed, shipped overseas, and returned.  Accordingly, the city council

enacted Ordinance No. 42-2007, which changes the date of the general election from the second Tuesday in October to the fourth Tuesday in August, with a runoff six weeks later.

This lawsuit was filed on August 16, 2007. Initially the plaintiffs asked for preliminary injunctive relief on their § 5 claim only, asserting that the election could not go forward because Ordinance No. 42-2007 had not been precleared. On August 23, the Attorney General precleared the ordinance as it applied to this year's election cycle, essentially rendering the plaintiffs' § 5 claim moot. Now, the plaintiffs seek a preliminary injunction on their state-law claim, asserting that, under Siegelman v. Folmar, the city council lacked statutory authority, under state law, to adopt the challenged ordinance. See 1975 Ala. Code § 11-46-5. As for the plaintiffs' § 2 claim, the court has not yet had occasion to consider its merits, as the plaintiffs do not seek a preliminary injunction on that claim at this time.

## III. DISCUSSION

Because the plaintiffs seek preliminary-injunctive relief, the court begins with the threshold question of whether the plaintiffs have established a likelihood of success on the merits. That inquiry necessarily includes whether this court will assume jurisdiction over the plaintiffs' claim. See, e.g., Anderson v. Oakley, 77 F.3d 475 (5th Cir. 1995); Bank of New York v. Mehner, 375 F.Supp.2d 1316, 1319 (D. N.M. 2005) (Browning, J.).

A federal district court with original jurisdiction over federal claims may assume supplemental jurisdiction over related state-law claims, 28 U.S.C. § 1367(a), but the district court may decline to exercise supplemental jurisdiction if the claim raises a novel or complex issue of state law, the state-law claim predominates, the court has dismissed all federal claims, or, in exceptional circumstances, there are other compelling reasons to decline jurisdiction, id. § 1367(c).

In this case, the court thinks it probable that it will decline to exercise supplemental jurisdiction. First, the application of state-law equity principles regarding whether to enjoin or set aside an election presents a complex issue. Id. § 1367(c)(1). In addition, requests to enjoin or set aside an election are exceptional circumstances in which there are other compelling reasons, based on comity, that counsel against assuming supplemental jurisdiction. Id. § 1367(c)(4).

According to one authoritative treatise,

> "There are certain subject matter areas of state law in which the federal courts have traditionally been particularly reluctant to interfere. Considerations of comity are particularly important in the context of state elections, and courts are likely to decline supplemental jurisdiction to resolve election disputes arising solely under state law."

16 James Wm. Moore, Moore's Federal Practice § 106.64, at 106-83 (3d ed. 2007). Moore's cites Noble v. White, 996 F.2d 797 (1993), in which the Fifth Circuit Court of Appeals remarked:

> "If there are places where angels fear to tread, surely there are places the sight of which makes federal judges tremble. Federal judges are wise to hesitate before entering the judicial thicket of state election law; we will chop trees, if absolutely necessary, but every mindful of our commitment to comity."

996 F.2d at 799-800.

Furthermore, numerous decisions from the Eleventh Circuit and the former Fifth Circuit warn that, in the interest of comity, federal courts should not interfere with state election law except to vindicate important federal interests under the Constitution or the Voting Rights Act. E.g., Curry v. Baker, 802 F.2d 1302, 1304-05 (11th Cir. 1986) ("Subject to specific exceptions, federal courts should not be involved in settling state election disputes. Sound reasons grounded in both law and public policy establish that far better forums for disputes involving elections to state offices are found in the party machinery and the court system of the affected state."); Hubbard v. Ammerman, 465 F.2d 1169,

7

1181 (5th Cir. 1972)* ("Federal Courts do not intervene in state election contests for the purpose of deciding issues of state law"). Although these remarks were not made in the specific context of supplemental jurisdiction, they properly inform the court's determination that it is authorized, if not compelled, to decline supplemental jurisdiction over the plaintiffs' state-law claim in this case.

* * *

Having concluded that the plaintiffs failed to establish a substantial likelihood of success on the merits, the court need not address the additional elements required for a preliminary injunction. Warren Publ'g, Inc. v. Microdos Data Corp., 115 F.3d 1509, 1516 (11th Cir. 1997).

---

*In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In sum, even if this court were to believe that the plaintiffs' state-law claim has merit and that state-law principles of equity favor enjoining or vacating the election, federal-state principles of comity counsel that the plaintiffs are in the wrong forum.  It should be a <u>state</u> judge that should enjoin or vacate a <u>State's</u> municipal election under <u>state</u> law, with that judicial decision subject to review by <u>state</u> appellate judges.

Accordingly, it is ORDERED that the plaintiffs' motion for preliminary injunction on their state-law claim (doc. no. 25) is denied without prejudice.

DONE this the 24th day of August, 2007.

                /s/ Myron H. Thompson
               UNITED STATES DISTRICT JUDGE