IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Janet May, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 2:07-cv-738-N |
| v. ) | |
| ) | |
| City of Montgomery, Al. et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ANSWER OF DEFENDANTS CITY OF MONTGOMERY, ALABAMA
AND MAYOR BOBBY BRIGHT**

Defendants, City of Montgomery, Alabama and Bobby Bright, in his official capacity as Mayor of Montgomery, through undersigned counsel, respond as follows to the Amended Complaint and Motion for Preliminary Injunction filed August 20, 2007. Doc. 12 The following numbered paragraphs refer to the correspondingly numbered paragraphs in the Complaint.

1. Defendants admit that the plaintiffs seek to challenge the August 28, 2007 elections provided for in Ordinance 42-2007. Defendants deny that there are any properly stated claims and deny that Plaintiffs are entitled to any relief.

2. Defendants admit that the Plaintiffs assert claims under the stated sections of the United States Code but deny that the claims are meritorious and deny that Plaintiffs are entitled to the relief requested. Admitted that this Court has jurisdiction of the allegations in the complaint under 28 U.S.C. §§ 1331 and 1343, but deny that jurisdiction would be appropriate under 28 U.S.C. §§ 1367.

3. Admitted.

4. Admitted.

5. Admitted.

5a. Admitted

5b. Defendants are unable to admit or deny these allegations at this time.

6. Admitted.

7. Admitted.

8. Denied.

9. The first four sentences are admitted. As to sentences five though nine, Defendants deny some of the characterizations of the facts but admit facts of that time period as stated in the findings of the court in *Buskey v. Oliver*, 565 F.Supp. 1473 (M.D. Ala. 1983). Defendants contend that history does not correctly reflect the intent or the effect of the current actions of these Defendants.

10. Defendants deny some of the characterizations of the facts but admit facts of that time period as stated in the findings of the court in *Buskey v. Oliver*, 565 F.Supp. 1473 (M.D. Ala. 1983). Defendants contend that history does not correctly reflect the intent or the effect of the current actions of these Defendants.

11. Defendants deny some of the characterizations of the facts but admit facts of that time period as stated in the findings of the court in *Buskey v. Oliver*, 565 F.Supp. 1473 (M.D. Ala. 1983). Defendants contend that history does not correctly reflect the intent or the effect of the current actions of these Defendants.

12. Deny the characterizations of the facts however admit the decision in *Siegelman v. Folmar*, 432 So.2d 1246 (Ala. 1983). Defendants contend that history does not correctly reflect the intent or the effect of the current actions of these Defendants.

13. Deny the characterizations of the facts however admit that there was a reapportionment of the city council districts in 1999 that was submitted to the Department of Justice for preclearance pursuant to Section 5 of the Voting Rights Act and was precleared.

14. Defendants admit the first sentence and deny the following two sentences.

15. Admit the requirements of the Alabama Code sections cited but otherwise deny the allegations.

16. Admitted that the election date was changed but deny that the reason was to select the August 28th date.

17. Admitted.

18. Admitted.

19. Denied.

20. Admitted.

21. Admitted that HB 866 allowed six weeks between first election and runoff and that it passed the House. Admitted that Senator Dixon blocked passage in the Senate and that the Amended Complaint correctly quotes from the newspaper. In all other respects Defendants deny the paragraph.

22. Admitted that the City Council unanimously, including plaintiff May, adopted Ordiance 42-2007 on June 5, 2007 but did so to provide six weeks between the first election and the runoff to permit registered voters overseas to vote in any runoff. In all other respects the paragraph is denied.

23. Admitted that the affidavit so states but deny that it is a relevant fact.

24. Denied.

25. The attached schedule erroneously states that there is only a three week interval between first election and runoff in Ordinance 42-2007. There is a six week interval between first election and runoff in Ordinance 42-2007.

26. Admitted that in 2003 Ms. May beat Mr. Larkin by 255 votes, 1,293 to 1038. In 2003 there were 12,595 registered voters in District 3 for a turnout of 18.5%. The remainder of the paragraph is denied.

27. Admitted.

28. Denied.

29. Admitted.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

   AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. This action is moot.

3. Plaintiffs claims are barred by laches.

4. Plaintiffs lack clean hands and are not entitled to any of the relief they seek.

5. Plaintiffs lack standing to assert their claims.

WHEREFORE, Defendants pray that judgment be entered in favor of defendants and that this action be dismissed.

Respectfully submitted this 5th day of September, 2007.

**/s/ Larry Menefee**
LARRY T. MENEFEE

| | |
|---|---|
| LARRY T. MENEFEE | J. Gerald Hebert |
| 407 S. McDonough Street | Campaign Legal Center |
| Montgomery, AL 36104 | 1640 Rhode Island Ave., NW Suite 650 |
| (334) 265-6002 | Washington, DC 20036 |
| Fax: (334) 832-9476 | (202) 736-2200 ext. 11 (office) |
| Bar No: ASB-0745-F35L | (202) 736-2222 (fax) |
| lmenefee@knology.net | Virginia Bar Number 38432 |
| | Ghebert@campaignlegalcenter.org |

Attorneys for Defendants

### CERTIFICATE OF SERVICE

I certify that on this 5th day of September, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

| | |
|---|---|
| Edward Still | Sam Heldman |
| Email: still@votelaw.com | sam@heldman.net |
| | |
| Cecil Gardner | **/s/ Larry Menefee** |
| cgardner@gmlegal.com | LARRY T. MENEFEE |

5