IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **Janet May, et al.,** <br><br>         Plaintiffs, <br><br>     v. <br><br> **City of Montgomery, Alabama,** a municipal corporation; **Bobby N. Bright,** in his official capacity as Mayor of the City of Montgomery <br><br>         Defendants. | CIVIL ACTION NO. <br> 2:07 cv 738-MHT-WC |

## Report of Parties' Planning Meeting

    1. **Counsel.** Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on 14 September 2007, and was attended by: Edward Still on behalf of plaintiff; and Larry Menefee on behalf of defendants.

    2. **Pre-Discovery Disclosures.** The parties will exchange, by 28 September 2007, the information required by FRCivP, Rule 26(a)(1).

    3. **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

        a. Discovery will be needed on the following subjects: plaintiff's claims and defendants' defenses.

        b. All discovery commenced in time to be completed by 20 November 2007.

        c. Maximum of 30 interrogatories, including discrete sub-parts, by each party to any other party. Responses due 30 days after service.

    d. Maximum of 25 requests for production by each party to any other party.  Responses due 30 days after service.

    e. Supplementation under Rule 26(e) due within 30 days after information becomes available.

    f. The parties agree to the following procedures for service of discovery and disclosure documents:

- all discovery, including notices of deposition, will be served by email with the discovery attached as a PDF document;

- answers to interrogatories and answers to requests for admission will be served by email as a PDF document (with or without signature) with a copy bearing the original signature of the party or party representative served by mail;

- initial disclosures, responses to requests for production, and documents produced with them may be served by email in PDF format and/or by physical delivery.

    g. Maximum of 25 depositions by plaintiff and 25 by defendant.

    h. Plaintiffs will identify their experts by 15 October 2007; defendants, by 1 November 2007.  Initial reports from retained experts under Rule 26(a)(2) due: from plaintiff by 1 November 2007; from defendant by 21 November 2007.  Any rebuttal reports from the experts will be due on 10 December 2007.  Depositions of experts must be completed by 15 January 2008.

    i. Notice of non-party pre-trial subpoenas for the production of documents and things or inspection of premises shall be served on all parties not less than five business days prior to the service of the subpoena on the non-party.  If the party serving the subpoena obtains copies of documents or things, that party shall make available a duplicate of such copies at the request of any other party

upon the payment of the reasonable cost of making the copies.

    **4. Electronically stored information.** The parties have discussed this matter and believe that they will be able to reach agreement on an ad hoc basis for any such information.

    **5. Synopses of Case.**

        a. For Plaintiffs: Plaintiffs have two claims – a state-law claim and a claim under 42 U.S.C. § 1973 (§ 2 of the Voting Rights Act). The state-law claim is based on the holding of the Alabama Supreme Court in *Siegelman v. Folmar,* 432 So.2d 1246 (Ala. 1983), in which the Court held that Ala. Code § 11-46-21 does not apply to the City of Montgomery. The cited Code section is the basis on the City purported to have the authority to adopt an election date different from that set in Act 618 (the Montgomery mayor-council act). The § 2 claim is that incoming students at Alabama State University have been "deni[ed] … the right … to vote on account of race or color" because "the political processes leading to nomination or election in the [city of Montgomery] are not equally open to participation by [the class of students at ASU] in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." The plaintiffs assert that this theory of the case can be heard and decided by the Court without resort to the "preconditions" in *Thornburg v. Gingles,* 478 U.S. 30, 50-51 (1986), which are designed for claims of vote dilution based on at-large voting. The plaintiffs further assert that the only "typical factor" listed in the 1982 Senate Report (on the Voting Rights Act amendments) pertinent to this case is "the extent of any history of official discrimination in the state or political subdivision that touched the right of the

members of the minority group to register, to vote, or otherwise to participate in the democratic process."

  b. For Defendants: As to the state law claim asserted by the plaintiffs, the defendants contend that the plaintiffs are incorrect in their legal analysis of *Siegelman v Folmar,* 432 So.2d 1246 (Ala. 1983). Additionally, defendants ask the court to decline to exercise supplementary jurisdiction of this purely state law claim for the reasons stated in the Opinion and Order of August 24, 2007 denying TRO. Doc 29.

  As to the Section 2 claim under the Voting Rights Act that incoming students at Alabama State University were denied the right to vote on account of their race or color, the defendants deny the factual validity of that claim. All college students (not just those at Alabama State University) and all newly arriving City residents faced the same residency requirements to vote in the municipal elections. The defendants deny that demonstrating the history of official discrimination is adequate to state a Section 2 claim. The defendants deny that there was any intent to discriminate on the basis of race and contend that repeated unanimous votes of the bi-racial city council to adopt the election schedule is evidence of that assertion. Furthermore, the reason for the adoption of Ordinance 42-2007 was to comply with the requirement of absentee voting for UOCAVA voters.

  The defendants also contend that these claims are moot in that the sole election in which the newly arriving residents (and students) would be affected has now been held, and further that all newly arriving college students will have the right to vote in the upcoming October run-off elections. That there is no plan to use the 2007 election schedule in Ordinance 42-2007 in any future election is

evidenced by correspondence sent to the Department of Justice by the City and correspondence received by the City from the Department of Justice. Hence, no injunctive or declaratory relief is appropriate. The defendants further contend that these plaintiffs lack standing to assert these Section 2 claims. The defendants also contend that the doctrines of equitable estoppel and laches further bar and relief to the plaintiffs.

**6. Other Items.**

a. The parties do not request a conference with the court before entry of the scheduling order.

b. All potentially dispositive motions should be filed by 10 December 2007. The parties are setting a compressed trial preparation schedule in this matter. Each side pledges that it will try to narrow the issues and stipulate as many facts as necessary and possible to move this case to a swift conclusion. The parties further represent to the Court that they will, if possible, file dispositive motions well before the 10 December deadline.

c. Settlement discussions have already begun between the parties.

d. The parties request a final pretrial conference in February 2008.

e. Final lists of witnesses and exhibits due two weeks prior to trial.

f. Parties should have 5 days after service of final lists of trial evidence to list objections under Rule 26(a)(3).

g. The case should be ready for trial by 31 March 2008 and at this time trial is expected to take approximately 2 to 4 days.

7. **Filing**. The counsel for the parties agree that Edward Still will file this report with Court as soon as it has been signed by Larry Menefee and that a

faxed signature page will be acceptable.

Date: 20 Sept, 2007

*[signature]*
Larry Menefee, Esq.
407 South McDonough Street
Montgomery, AL 36104

J. Gerald Hebert, Esq.
The Campaign Legal Center
1640 Rhode Island Ave., NW, Suite 650
Washington, DC 20036

Submitted by,

*[signature]*
Edward Still
2112 11th Avenue South
Suite 201
Birmingham AL 35205-2844
   phone: 205-320-2882
   fax: 877-264-5513
   email: Still@votelaw.com

Cecil Gardner
The Gardner Firm
Post Office Drawer 3103
Mobile AL 36652
   phone 251-433-8100
   fax 251-433-8181
   email cgardner@gmlegal.com

Sam Heldman
The Gardner Firm
2805 31st St. NW
Washington DC 20008
   phone 202-965-8884
   email sam@heldman.net

CERTIFICATE OF SERVICE

  I certify that on _20Sept 2007_, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

| | |
|---|---|
| J. Gerald Hebert, Esq.<br>The Campaign Legal Center<br>1640 Rhode Island Ave., NW, Suite 650<br>Washington, DC 20036 | Larry Menefee, Esq.<br>407 South McDonough Street<br>Montgomery, AL 36104 |

             /s/ Edward Still