IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **Janet May, John Dow, William Boyd, and Kenyada S. Adams, and Duncan Kirkwood**<br><br>                Plaintiffs,<br><br>       v.<br><br>**City of Montgomery, Alabama,** a municipal corporation; **Bobby N. Bright,** in his official capacity as Mayor of the City of Montgomery<br><br>                Defendants. | CIVIL ACTION NO.<br>2:07 cv 738-MHT-WC |

## Plaintiffs' Brief in Support of their Motion for Partial Summary Judgment

The plaintiffs have moved for partial summary judgment, specifically a summary judgment in their favor on the claim stated in their Amended Complaint (Doc. 12) as follows:

> 35. Ordinance 42-2007 violates 1973 Alabama Act 618 and is therefore void. Ordinance 42-2007 is furthermore not authorized by Ala. Code 11-46-5, as Ordinance 42-2007 does not in fact adopt the election dates set forth in Ala. Code 11-46-21 (despite claiming to do so).

There are no disputed facts material to this claim. The plaintiffs are entitled to judgment as a matter of law on this claim.

1

## The Legal Background

Montgomery is governed by a mayor and council under Act 618.[1] "The permanent election date cycle pursuant to Act No. 618 began on the second Tuesday in October 1979."[2] But for the adoption of Ordinance 42-2007[3] the 2007 Montgomery City Election would have been held on 9 October. Ordinance 42-2007 moved the election to 28 August.

In Ordinance 42-2007, the City relies on the authority of Alabama Code 11-46-5 which reads as follows:

> Section 11-46-5. Date of elections in certain municipalities.
>
> The governing body of a municipality having a general municipal election or runoff election required by general or local act at a time different from the dates now or hereafter provided by Article 2, Chapter 46 of Title 11, may elect by ordinance to have the election at the same time required by Article 2 and the election made by ordinance shall not have the effect of changing the beginning of a term of office or the time for taking office.

Ordinance 42-2007 also purports to adopt the election dates set out in Ala. Code 11-46-21, paragraph (a) of which reads as follows:

> 11-46-21. Time of elections; notice; assumption of duties by elected officers.
>
> (a) The regular municipal elections in cities and towns shall be held on the fourth Tuesday in August 1984, and quadrennially thereafter, and, when necessary as provided in subsection (d) of Section 11-46-55, a second or runoff election shall be held on the sixth Tuesday next thereafter following the regular election.

---

[1] Act 618 is attached to the Complaint as Doc. 1-2.

[2] *Siegelman v. Folmar,* 432 So.2d 1246, 1247 (1983).

[3] Ordinance 42-2007 is attached to the Complaint as Doc. 1-3.

2

**Argument**

Montgomery elections have been held in odd-numbered years since the establishment of the mayor-council form of government under Act 618. Ala. Code 11-46-21 requires elections in presidential election years. The Alabama Supreme Court considered the interaction of Act 618 and § 11-46-21 (as amended by Act 80-94)[4] in *Siegelman v. Folmar,* 432 So.2d 1246 (1983). The City had filed a declaratory judgment action seeking an interpretation of the two acts. The Alabama Supreme Court held:

> After considering these relevant statutes with a view toward "harmonizing" their provisions, we conclude that the Legislature, in enacting Act No. 80-94, did not intend to repeal or in any way affect Act No. 618. We believe that this conclusion is buttressed by the absence of express language in Act No. 80-94 extending or diminishing the terms of office of the mayor and council members. Any attempt by the Legislature to establish a uniform date and year for municipal elections would necessarily involve adjustments to the terms of office of certain incumbent officers. We disagree with appellants' contention that such an intended outcome is apparent from the face of the statute.

*Siegelman,* 432 So.2d at 1250.

Since the *Siegelman* decision, the Legislature has twice amended § 11-46-21 but has never expressed an intention to extend or shorten the terms of the mayor or council members. The Supreme Court also noted that "the title to Act No. 80-94 makes no reference to extending the term of office of

---

[4] At the time of the *Siegelman v. Folmar* decision, § 11-46-21(a) provided: "The regular municipal elections in cities and towns shall be held on the second Tuesday in July 1980, and quadrennially thereafter; and, when necessary as provided in subsection (d) of section 11-46-55, a second or runoff election shall be held on the third Tuesday next thereafter following said regular election."

3

incumbent officers." *Siegelman,* 432 So.2d at 1250.  Similarly, the title to Act 2006-354, the latest amendment to § 11-46-21, makes no such reference.[5]

If Act 80-94 did not repeal Act 618, then the amendments to Act 80-94 have not repealed Act 618.  No amendment to § 11-46-21 has expressed an intention to extend or diminish the terms of the mayor or council members.  As the Supreme Court noted in *Siegelman,* any change to the election schedule authorized by § 11-46-5 would involve not simply changing the **date** of the election, but the **year** of the election as well.  Montgomery's elections were held this year, while the elections authorized by § 11-46-21 are to be held in 2008.

If this Court follows the holding of the Supreme Court in *Siegelman,* it will show the proper deference for the interpretation of State laws by the highest court of the State.  Because the Alabama Supreme Court decision is so clear, there is no reason for this Court not to follow the *Siegelman* decision.

---

[5] Act 2006-354 is Exhibit T to the Plaintiffs' Motion for Partial Summary Judgment.

4

|  |  |
|---|---|
|  | Submitted by, |
|  | /s/ Edward Still |
| Cecil Gardner | Edward Still |
| The Gardner Firm | 2112 11th Avenue South |
| Post Office Drawer 3103 | Suite 201 |
| Mobile AL 36652 | Birmingham AL 35205-2844 |
| phone 251-433-8100 | phone: 205-320-2882 |
| fax 251-433-8181 | fax: 877-264-5513 |
| email cgardner@gmlegal.com | email: Still@votelaw.com |

Sam Heldman
The Gardner Firm
2805 31st St. NW
Washington DC 20008
    phone 202-965-8884
    email sam@heldman.net

## CERTIFICATE OF SERVICE

I certify that on 23 November 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

| | |
|---|---|
| J. Gerald Hebert, Esq. | Larry Menefee, Esq. |
| The Campaign Legal Center | 407 South McDonough Street |
| 1640 Rhode Island Ave., NW, Suite 650 | Montgomery, AL 36104 |
| Washington, DC 20036 | |

/s/ Edward Still