IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Janet May, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) Civil Action No. 2:07-cv-738-N |
| v. | ) |
| | ) |
| City of Montgomery, Al. et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANTS' BRIEF OPPOSING PARTIAL SUMMARY JUDGMENT**

Defendants submit this brief in opposition to the plaintiffs' motion for partial summary judgment on their state law claim.  Docs. 43 and 44  Defendants file contemporaneously an Evidentiary Submission with seven attached exhibits.[1]

We note that little more than a month ago the Plaintiffs argued against dismissal of the state law claim stating that "[t]he state law claim arises out of the same facts as the federal claim." Doc 37  The plaintiffs motion for partial summary judgment now makes it clear that, other than the adoption of Ordinance 42-2007 and its' preclearance, there are no other facts to the state claim.  Plaintiffs' state claim involves interpreting two sections of the Alabama Code and one decision of the Alabama Supreme Court.  The state claim would be a factually simple case for the state courts to resolve.  This federal court should decline to exercise supplemental jurisdiction of this state law claim.  Docs. 29, 38

---

[1] Exhibits are numbered sequentially from those submitted with the Evidentiary Submission of November 16, 2007, Doc 41, and begin with Exhibit 16 through Exhibit 22.

While there are no disputed material facts as to this state law claim plaintiffs' are **not** entitled to a judgment as a matter of law on its erroneous claim that

> 35. Ordinance 42-2007 violates 1973 Alabama Act 618 and is therefore void. Ordinance 42-2007 is furthermore not authorized by Ala. Code 11-46-5, as Ordinance 42-2007 does not in fact adopt the election dates set forth in Ala. Code 11-46-21 (despite claiming to do so). Amended Complaint (Doc 12, ¶ 35) [2]

If this court determines that the plaintiffs have standing, that plaintiffs' claims are not moot, that plaintiffs have a redressible injury, and that the court should exercise its supplemental jurisdiction over this claim, the defendants offer the following argument in response to the plaintiffs' motion and brief and move that the claim be dismissed and judgment be entered in favor of the defendants on the state law claim.

### THE ELECTION DATES ADOPTED IN ORDINANCE 42-2007 ARE EXPRESSLY APPROVED BY *SIEGELMAN V. FOLMAR*

For the purpose of plaintiffs' Motion for Partial Summary Judgment, the legal background set forth in plaintiffs' brief is accepted as undisputed. However, the legal arguments made relying on *Siegelman v. Folmar*, 432 So.2d 1246 (1983) are ill-founded and incorrect. The major thrust of plaintiffs' argument is that the City of Montgomery in its Ordinance 42-2007 violates Act 618 because, while it adopts the election dates – month and day –, it does not adopt the election year set forth in *Ala. Code (1975),* §11-46-21. Not only is plaintiffs' claim erroneous, the authority plaintiffs relied on, *Siegelman v. Folmar*, found to the contrary:

> By its express terms, §11-46-5 allows any class 3 municipality having a mayor-

---

[2] See Exhibit 16 for copies of the two Alabama Code sections, 11-46-5 and 11-46-21, and Exhibit 17 for a copy of Ordinance 42-2007.

>council form of government and an election date different from the date specified by §11-46-21 to elect by ordinance to advance its election date to the second Tuesday in July.

*Siegelman,* 432 So.2d at 1250.

Thus, the Alabama Supreme Court held that §11-46-5 allowed any municipality to adopt the §11-46-21 election dates – month and day – but not the election year. To have held to the contrary (and to here hold to the contrary) would, as stated in *Siegelman*, "necessarily involve adjustments to the terms of office of certain incumbent officers." *Id.* Indeed, §11-46-21 now recites the "fourth Tuesday in August 1984, and quadrennially thereafter" which cannot be held applicable in the year 2007 – the City of Montgomery's election year established by Act 618. "The permanent election date cycle pursuant to Act 618 began on the second Tuesday in October 1979." *Siegelman* at 1247. If §11-46-5 required that the election **year** set forth in §11-46-21, it would, as argued by plaintiffs, "have the effect of changing the beginning of the term of office or the time of taking office" to the year 2008, not 2007 as required by the election cycle set forth in Act 618. Likewise, it would have the unlawful (and probably unconstitutional) effect of extending the terms of office of the incumbent Mayor and City Council members by one year.

The clear language §11-46-5 dictates that the election **year** shall not be changed stating specifically: "*. . . and the election made by ordinance shall not have the effect of changing the beginning of a term of office or the time for taking office.*" Ala. Code (1975), §11-46-5. If §11-46-5 required that not only the election **date**, but the election **year** set forth in §11-46-21 must be adopted by ordinance, clearly the beginning of a term of office and the time for taking office would be changed – contrary to the prohibition of §11-46-5.

3

Plaintiffs' reliance on *Siegelman* is ill-founded. *Siegelman* does **not** note or hold that "any change to election schedule authorized by §11-46-5 would involve not simply changing the **date** of the election, but the **year** of the election as well." (Plaintiffs' Brief at 4). Such a statement is not only inaccurate, but it is contrary to the express finding of the Alabama Supreme Court previously quoted:

> By it express terms §11-46-5 allows any . . . municipality having a mayor-council form of government and an election **date** different from the **date** specified by §11-46-21 to elect by ordinance to advance the election **date** to the second Tuesday in July. [Bold emphasis added].

*Siegelman* at 1250.

By following this express holding of the Alabama Supreme Court in *Siegelman,* this Court will show proper deference of the interpretation of State laws by the highest court of the State.

Ordinance 42-2007 first "elected" the elections dates of the "fourth Tuesday in August" and a runoff on the "sixth Tuesday next" as provided for in the statute - Ala. Code § 11-46-21. The ordinance then incorporates the same prohibition of the state statute against any change in the terms of office.[3] The newly elected officials were sworn in and took office Tuesday, November 13th as provided in Act 618.[4] No incumbent city official stayed in office one day longer than Act 618 provided and no newly elected city official took office any earlier than Act 618 allowed.

The *Siegelman* opinion is less than clear at some points. That is due in large part to the decision of the trial court that the terms of the newly elected officials would begin on the first Monday in October, 1983, about five weeks earlier than Act 618 provides. *Siegelman* at p. 1248

---

[3] Exhibit 17 --Ordinance 42-2007.

[4] See §§ 3.01 and 4.01 of Act 618 attached as Exhibit A to the Complaint.

See footnote 4 above.   Then the appellants argued in the Alabama Supreme Court that the terms should end in October, 1984, an eleven month extension of that provided for in Act 618. *Siegleman* at p. 1249  But the Alabama Supreme Court did not adopt either the position of the trial court nor the position of the appellants.  The court reversed and remanded .  While clearly Alabama Code § 11-46-5 allows cities to choose the election dates of § 11-46-21 it does not permit the cities to change the terms of office.

Ala. Code § 11-46-21 was amended in 2006 by Act 354[5] to provide for the six week period between the first election and any runoff election.  This Act was passed, in part, to help cities comply with UOCAVA.  During the plaintiffs' deposition of Walter Byars, City Attorney, Mr. Byars explained that the Alabama League of Municipalities (ALM) and the Alabama Attorney General's Office had been involved in the passage and subsequent preclearance of Act 2006-354.  Exhibit 18 p.12, ln 18-p.15, ln 7  Byars deposition  He produced copies of an email dated December 21, 2006 from the ALM General Counsel to all City Clerks informing them that DOJ had precleared Act 2006-354, attached a copy of the preclearance letter and a summary of the provisions of the that Act.  The relevant portion of that summary describing Act 2006-354 provided:

> Changes the run-off date in municipal elections from the third Tuesday following the regular election to the sixth Tuesday following the election to allow time for counting provisional ballots, getting new supplies and sending absentee ballots to military voters and receiving their votes.

Exhibit 19 p. 1-4, Byars deposition, Exhibit 1.

It is clear that the 2006 amendment was enacted to allow municipalities to comply

---

[5] Doc 43-2 Exhbit T to Plaintiff's Motion for Partial Summary Judgment.

UOCAVA standards. The title of the Act says that it is to "provide procedures for overseas citizens and military personnel to cast absentee ballots...". Doc 43-2 p.2  Ala. Code § 11-46-5 by its' express terms says it applies to cities operating under a local act like Montgomery and that they have the power to adopt an ordinance to set new election dates in Ala. Code § 11-46-21. Cities cannot however change the terms of office of the elected officials.  In June 2007 Montgomery followed the statute correctly by adopting Ordinance 42-2007.

The plaintiffs argue that the City of Montgomery cannot avail itself of the election dates provided for in Ala. Code § 11-46-21 because that section also sets elections to occur on presidential election years. The plaintiffs argue therefore that to change to presidential election years would violate Ala. Code § 11-46-5 prohibiting changing the terms office. This same argument was rejected by the Supreme Court in *Siegelman*. The Alabama Supreme Court clearly knew the difference between an election **date** and the **year** of the election.

> ...Any attempt by the Legislature to establish a uniform **date** and **year** for municipal elections would necessarily involve adjustments to the terms of office of certain incumbent officers. We disagree with appellants' contention that such an intended outcome is apparent from the face of the statute. ...(emphasis added)

*Siegleman* at 1250.

Plaintiffs' argument creates a statutory conflict where none exists. As the current facts show, the city can elect to use the general statutory dates in Ala. Code § 11-46-21 and maintain the election cycle of Act 618. If the legislature had intended to limit the municipalities who could select the election dates to only those municipalities holding elections on the presidential cycle the legislature would have said in Ala. Code § 11-46-5 that the section was limited to those municipalities who held elections in August 1984, and quadrennially thereafter. The legislature

placed no such limitation. Instead the legislature said that any class 3 city may elect the time of elections but may not change the terms of the officeholders. Cities are only prohibited from changing the terms of office if they do make the election.

### CONCLUSION

Defendants carefully consulted with the ALM, the Alabama Attorney General's office and the considered the decision in *Siegelman* in trying to determine the best way to comply with UOCAVA within the framework of Act 618. Defendants believe they have fully complied with Alabama law. However, we respectfully suggest that if these claims by the plaintiffs are to be pursued they should be in state court where, if needed, the Alabama Supreme Court that wrote the *Siegelman* opinion should have the opportunity to interpret it.

As we have argued in our motion for summary judgment, we do not believe these plaintiffs have standing to assert a claim that this election date prohibited them from voting. Four of the named plaintiffs voted on August 28th and the remaining named plaintiff, Ms Adams, could have registered and voted but did not try. Nine ASU students, all members of the high school class of 2007 like Ms. Adams, registered to vote on August 17, 2007, after Ms. Adams had come to campus. Three of those nine students voted in the August 28th election. There is no showing that Ms. Adams was unable to register and vote if she wanted to. Exhibit 22 p. 5   Plaintiffs have asked that the election be enjoined even though two elections have already been held, campaigns concluded, tens of thousands of votes cast and new officials now hold office.

If this state law claim is to be adjudicated it should adjudicated in state court with a properly framed complaint. Alternatively, if this court decides to consider this state law claim, the claim should be dismissed and judgment entered for the defendants.

Respectfully submitted this 14th day of December, 2007.

**/s/ Larry Menefee**
LARRY T. MENEFEE

| | |
|---|---|
| LARRY T. MENEFEE | J. Gerald Hebert |
| 407 S. McDonough Street | Campaign Legal Center |
| Montgomery, AL 36104 | 1640 Rhode Island Ave., NW Suite 650 |
| (334) 265-6002 | Washington, DC 20036 |
| Fax: (334) 832-9476 | (202) 736-2200 ext. 11 (office) |
| Bar No: ASB-0745-F35L | (202) 736-2222 (fax) |
| lmenefee@knology.net | Virginia Bar Number 38432 |
| | Ghebert@campaignlegalcenter.org |

Attorneys for Defendants

### CERTIFICATE OF SERVICE

I certify that on this 14th day of December, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys:

| | |
|---|---|
| Edward Still | Sam Heldman |
| Email: still@votelaw.com | sam@heldman.net |
| | |
| Cecil Gardner | **/s/ Larry Menefee** |
| cgardner@gmlegal.com | LARRY T. MENEFEE |